## SALGO v FIOCCA

Ohio Appeals, 9th Dist, Summit Co

No 2382.   Decided Nov 9, 1934

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Gottwald, Breiding & Hinton, Akron, for defendant in error.

## OPINION

By STEVENS, J.

This cause is before this court upon error proceedings prosecuted from the Court of Common Pleas of Summit County, in which court plaintiff in error was defendant and defendant in error was plaintiff. Reference will be made to the parties as they appeared in the trial court.

By agreement of counsel, we address ourselves solely to the proposition of whether or not prejudicial error intervened in the trial below, when the trial court permitted the following questions to be propounded by counsel for plaintiff to prospective jurors on the voir dire examination, and answered by said prospective jurors:

"Do you or any members of your family own any stock in any insurance company that carries liability insurance?"

"Do you or any of the close members of your family own any stock in any liability insurance company?"

"Are any of the members of your family or your close personal friends connected with any such liability insurance company?"

Objections were duly made by counsel for defendant to the asking of said questions, and exceptions saved.

The Supreme Court of Ohio in the case of **Vega, Admr. v Evans, 128 Oh St 535,** has said:

"3. It is error to permit the examination of a prospective juror on his **voir dire** as to his connection with, interest in, or relationship to any liability insurance company as such unless such insurance company is party to the litigation or unless it has theretofore been disclosed to the court by such company or by the defense that such insurance company is actively and directly interested in the litigation. (Paragraph three of the syllabus of Pavilonis v. Valentine, supra, overruled)."

It is our understanding, from a study of the opinion in that case, including the concurring opinion, and having in mind the former pronouncements of the Supreme Court which were thereby overruled, that the Supreme Court intended to say and did say that the asking of such questions as are here under consideration, constitutes prejudicial error per se, requiring a reversal of the judgment.

While this court has not heretofore been in accord, and on principle is not now in accord, with the strict rule adopted in the Vega case, we feel ourselves bound to follow what we understand to be the clear mandate of the court of last resort of this state.

We therefore hold that the trial court erred in permitting said questions to be asked, by counsel, and answered by prospective jurors, and that said error was per se prejudicial, requiring reversal of the judgment.

Judgment reversed and cause remanded.

WASHBURN, PJ, and FUNK, J, concur in judgment.